UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN RUOTOLO,

                Plaintiff,                          06 CV 3063 (SJ)

    -against-                                    MEMORANDUM
                                                      AND ORDER

UNITED STATES OF AMERICA,

                Defendant.
-------------------------------------------------------------X
A P P E A R A N C E S:

CHERYL J. STURM, ESQ.
Attorney at Law
387 Ring Road
Chadds Ford, PA 19317
Attorney for Plaintiff

ROSLYNN R. MAUSKOPF
United States Attorney's Office
1 Pierrepoint Plaza, 14th Floor
Brooklyn, NY 11201
By:    Catherine Mirabile
Attorney for Respondent


JOHNSON, Senior District Judge:

      John Ruotolo ("Plaintiff") has filed a motion for return of property pursuant to

Rule 41(g) of the Federal Rules of Criminal Procedure.[1]  Specifically, Plaintiff seeks to

---

[1] At the time of Plaintiff's request, Rule 41(g) was designated as Rule 41(e). The current rule was not substantively changed.  See Adeleke v. United States, 355 F.3d 144, 146 n.1 (2d Cir. 2004).

1

recover a gun collection and a coin collection that were seized during search of Plaintiff's apartment. Presently before this Court is a motion to dismiss brought by the Government. The Government argues that this Court lacks subject matter jurisdiction to award Plaintiff money damages for the loss or destruction of his property. For the reasons stated herein, Defendant's motion to dismiss is GRANTED and Plaintiff's motion for return of property is DENIED.

**BACKGROUND**

Plaintiff was convicted in 1991, after a jury trial, of conspiracy to import heroin, in violation of 21 U.S.C. § 963, and two counts of importation of heroin, in violation of 21 U.S.C. § 952. (See Docket No. 87 Cr. 813, Entry 3.) On January 14, 1994, the Honorable Thomas C. Platt of the United States District Court for the Eastern District of New York sentenced Plaintiff principally to three consecutive 10-year terms of imprisonment and a lifetime of special parole.

On August 12, 1999, Plaintiff, through counsel, filed the Rule 41(g) Motion. (See Docket No. 94 Civ. 5962, Entry 27.)[2] In his motion, Plaintiff asserted that he was entitled to the return of both a gun and a coin collection seized by agents of the Drug Enforcement Administration ("DEA") during his March 1988 arrest or, alternatively, a

---

[2] Although the Rule 41(g) Motion bore the docket number for Plaintiff's criminal case, the motion was inadvertently docketed to Plaintiff's habeas case. At the time the Rule 41(g) Motion was filed, both Plaintiff's criminal and habeas cases were closed.

sum of $145,000. (Pl. Mot. at 8.)

On June 7, 2005, Plaintiff filed a "Motion to Have Motion Filed Pursuant to Fed.R.Crim.P. 41(e) (Now 41(g)) Treated as Civil Equitable Proceeding," as well as various supplemental letters to the Court, Plaintiff requested that the Court docket the Rule 41(g) Motion to the criminal case, and treat the Rule 41(g) Motion as a new civil complaint, in accordance with <u>Amadi v. United States</u>, 220 F.R.D. 190, 192 (N.D.N.Y. 2004). (Docket No. 94 Civ. 5962, Entry 28.) The Court granted this request and Plaintiff subsequently re-filed his motion under a new civil number. The Government, in turn, moved to dismiss.[3]

In support of its motion, the Government has submitted documentary evidence indicating that it is not in possession of either collection. In December 1991, the Government relinquished possession of the gun collection to Plaintiff's brother, (<u>see</u> Def.'s Mot., Ex. E), and, in 1990, the coin collection was administratively forfeited (<u>see</u> Def.'s Mot., Ex. I). Notice of the DEA's seizure of the coin collection was sent to every party that had a possible possessory interest in the collection, including to Plaintiff, who was incarcerated at the Metropolitan Correctional Facility at the time. (Def.'s Mot., Ex. I.) The DEA also published notice of the seizure of the coin

---

[3] The Government has also moved to dismiss the motion for return of property as past the statute of limitations. The Government requested, and was granted, five extensions in order to file its motion to dismiss. The sixth request was denied on February 8, 2007. The Government subsequently filed its motion on February 9, 2007. The Court has disregarded as untimely all contentions contained in the Government's motion except for the jurisdictional grounds.

collection pursuant to 19 U.S.C. § 1607. (Id.) This notification was published in the *U.S.A. Today* on June 29, 1988, and was published continuously for three weeks. (Id.)

**STANDARD OF REVIEW**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed.R.Civ.P. 12(b)(1)). In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must assume that all of the factual allegations in the complaint are true. Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). The plaintiff ultimately bears the burden to prove by a preponderance of the evidence the existence of subject matter jurisdiction. Makarova, 201 F.3d at 113 (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996)).

**DISCUSSION**

It is well settled that the district court where a defendant is tried has ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property. See Rufu v. United States, 20 F.3d 63, 65 (2d Cir.1994) (citations omitted). Such a

motion pursuant to Fed.R.Crim.Pro. 41(g) is treated as a claim for civil equitable relief. See Boero v. DEA, 111 F.3d 301, 303 (2d Cir.1997). In cases where the property is still in the government's possession, the district court may order the return of the property to its rightful owner.

However, when property is lost, destroyed, or otherwise not available for return, "equitable jurisdiction does not permit courts to order the United States to pay money damages[.]" Adeleke v. United States, 355 F.3d 144, 151 (2d Cir.2004).[4] The federal government is protected from paying such monetary awards by the doctrine of sovereign immunity. See id. Therefore, where a plaintiff seeks return of property that has become unavailable due to loss or destruction of the property, and the United States has not waived its sovereign immunity against such claims, the claim for return of property must be dismissed. See, e.g., Rosario v. United States, No. 04 Civ. 910, 2006 WL 721360, at *3 (E.D.N.Y. March 20, 2006); Mendez v. United States, No. 05 Civ. 1486, 2005 WL 2175903, at *2 (E.D.N.Y. September 8, 2005).

Here, the seized property is no longer available for return. The gun collection was returned to Plaintiff's brother and is therefore no longer is the Government's possession. (Def.'s Mot., Ex. E.) The coin collection was the subject of a forfeiture

---

[4] Plaintiff contends that Adeleke is inapplicable here because he filed his motion in 1999, five years before that decision. This contention is without merit. See, e.g., Gil v. United States, 133 Fed. Appx. 460 (2d Cir.2005) (holding that Adeleke barred the plaintiff from obtaining monetary damages for lost property even though the plaintiff had filed his motion for return of property in 2003).

proceeding[5] in 1990, and thus it is no longer in the government's possession. (Def.'s Mot., Ex. I) Plaintiff attempts to characterize the coin collection as "currency," and thus a fungible good that can be returned,[6] but a review of the record reveals that such a characterization is unwarranted. Although the coins are undoubtedly "currency" in the strictest sense of the term, the coins in the collection derive the bulk of their value from their status as collector's items. (Def.'s Mot, Ex. H.) Accordingly, a quarter in the coin collection is not actually worth one-fourth of a dollar; rather, its worth is determined by the coin collecting community. Therefore, the coin collection is a unique item rather than a fungible good. Because the coin collection is a non-fungible good that is no longer in the possession of the Government, any attempt to compensate Plaintiff for its loss would amount to an award of monetary damages. Plaintiff has failed to meet his burden to prove subject matter jurisdiction by a preponderance of the evidence.

---

[5] Plaintiff's claim that the Government failed to provide the type of notice reasonably calculated to inform Plaintiff of the pending forfeiture is without merit. (See Def.'s Mot., Ex. I.)

[6] It appears to be an open question as to whether Rule 41(g) compels the return seized currency. See Bertin v. United States, 478 F.3d 489, 492 n.2 (2d Cir.2007) (citing cases). For the reasons stated, this Court does not reach the question of whether a court, under Rule 41(g), can order the return of fungible cash.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is GRANTED and Plaintiff's Motion is DENIED.

The Clerk of Court is directed to enter a final judgment of dismissal and to close the case.


SO ORDERED.


Dated: September 28, 2007  _____/s/_____
       Brooklyn, NY                    Senior U.S.D.J.